This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41218

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**YADIRA LOYA MARRUFO,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Nina Safier, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Law Offices of Christopher C. Marlowe, LLC
Christopher C. Marlowe
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant Yadira Loya Marrufo appeals from her metropolitan court on-the-record conviction for first offense driving while intoxicated (DWI). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Defendant continues to raise two issues that we consolidate as a claim that the district court erred in admitting breath alcohol test results because the State failed to establish compliance with regulation 7.33.2.15(B)(2) NMAC (stating that a breath test

shall not be administered unless the operator "has ascertained that the subject has not had anything to eat, drink or smoke for at least 20 minutes prior to collection of the first breath sample").

**{3}**     Prior to the admission of breath-alcohol test (BAT) results, a court must find by a preponderance of the evidence that all accuracy-ensuring regulations have been satisfied. *See State v. Willie*, 2009-NMSC-037, ¶ 12, 146 N.M. 481, 212 P.3d 369. In making this determination, the court can rely on hearsay evidence. *See State v. Martinez*, 2007-NMSC-025, ¶ 23, 141 N.M. 713, 160 P.3d 894. We review a district court's decision on whether to admit this evidence for abuse of discretion. *See id.* ¶ 7.

**{4}**     Here, Sergeant Brian Johnson was the sole witness at trial. [DS 1] Sergeant Johnson conducted a traffic stop of a vehicle driven by Defendant. [DS 1-2] He arrested Defendant for suspected DWI at 2:01 a.m., and inspected her mouth at that time, which is consistent with 7.33.2.15(B)(2) NMAC. [DS 2] Officer Christian Cordova arrived at the scene and transported Defendant to the station for breath alcohol testing because Sergeant Johnson's vehicle was not equipped for the transport. [DS 2] Sergeant Johnson did not arrive at the station until five minutes before he conducted the BAT (3:52 a.m.), because his vehicle had gotten a flat tire. [DS 2] Sergeant Johnson testified that his recollection was that Defendant was still handcuffed and seated next to the testing machine, and that he conducted the test five minutes after he arrived. [DS 2] Sergeant Johnson further stated that Officer Cordova had observed Defendant during the interim deprivation period. [DS 2-3] Sergeant Johnson also reiterated that he had personally commenced the deprivation period when he arrested Defendant at 2:01 a.m. [DS 3-4]

**{5}**     Defendant has argued that Officer Cordova was a necessary witness to explain his observations during the deprivation period, and it would be speculative to determine that the deprivation period had been satisfied. Defendant maintains that this is an issue that requires a de novo review of the regulation. [MIO 2] We agree that the interpretation of an administrative regulation involves a de novo review. *Willie*, 2009-NMSC-037, ¶ 9. However, the SLD regulation in question and its use of the term "ascertain" has been broadly interpreted by our Supreme Court to allow a determination "that a subject has not had anything to eat, drink, or smoke by using a variety of means at his or her disposal, including observation, on an individualized, case-by-case basis." *Id.* ¶ 14.

**{6}**     As noted, hearsay evidence can be used to support admission of BAT evidence. *Cf. Martinez*, 2007-NMSC-025, ¶ 23 (holding that this foundational requirement was satisfied by the hearsay testimony that a sticker on the breathalyzer instrument indicated that it was certified at the time of the defendant's BAT). The individual who signed the certification in *Martinez* was not considered an indispensable witness, and Sergeant Johnson here could rely on his interactions with Officer Cordova, including the fact that Sergeant Johnson, as a supervisor, stated that his subordinate (Officer Cordova) had observed Defendant for the deprivation period. [DS 2-3]

**{7}** Defendant argues that a testifying officer needs to have personally observed Defendant during the deprivation period. [MIO 9] This constricted interpretation of "ascertained" is at odds with the holdings of *Willie* and *Martinez*. Finally, the fact that Defendant had been seated, handcuffed next to the testing machine, further supports a determination that Defendant had not placed anything in her mouth during the deprivation period. Based on all of this, we conclude that the metropolitan court did not abuse its discretion in admitting the evidence. *See State v. Duarte*, 2007-NMCA-012, ¶ 3, 140 N.M. 930, 149 P.3d 1027 (observing that "[a]n abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case").

**{8}** For the reasons set forth above, we affirm.

**{9}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**